

FILED
AUG 1 6 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CASE NO.: 7:09-CV-183-FL

| | |
|---|---|
| Chris W. Taylor, for himself and all others similarly situated, | ) ) ) |
| PLAINTIFFS, | ) ) ) |
| VS. | ) ) |
| Lee W. Bettis, Jr., Esq.; et al | ) ) |
| DEFENDANTS. | ) ) ) |

### PHILIP M. MANGER'S OBJECTION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVERS AND MOTION TO STAY THE RESOLUTION OF PLAINTIFFS' MOTION PENDING A DECISION

On July 22, 2010, the Plaintiffs filed a "Motion for the Appointment of Receivers of Certain Defendants." Philip Manger (Manger) objects to that motion as it relates to him. In addition, he moves this court to stay the resolution of the receivership motion until it has ruled on his motion to dismiss dated April 30, 2010 (Document No. 91).

BACKGROUND

The Plaintiffs brought this action against Manger and a number of entities and individuals. Manger presumes the court is familiar with the basic factual

claims given the pendency of several motions to dismiss which the court has already taken under advisement.

Manger is an individual who resides in Newtown, Connecticut. He is unemployed. At one point, he was employed by CCDN, LLC. That entity is now essentially defunct. Manger derives no income from any of the other Defendants, has no managerial responsibility for them, nor has he anything to do with their day to day operations (to the extent there even are any operations).

## RECEIVERSHIP

Receiverships under FRCP 66 are extraordinary remedies that may be granted with the utmost caution, and only in those cases where there is a clear necessity to protect the Plaintiff's interest in defined property. Kelleam v. Maryland Casualty Co. of Baltimore, 312 U.S. 377, 381 (1941). Court's consider it a "drastic" remedy to be utilized only in unique circumstances. Tucker v. Baker, 214 F.2d 627, 631 (5th Cir. 1954). In considering a receivership motion, a court must look to and weigh various factors:

(a) Fraudulent Conduct: Generally speaking, the object of the receivership must have participated in some verifiable fraudulent activity. Burnrite Coal Briquette Co. vs. Riggs, 274 U.S. 208 (1927).

(b) Imminent Danger of Loss of Property: The second factor is

whether or not there is an imminent loss of property of the object of the receivership. Gordon v. Washington, 295 U.S. 30 (1935).

(c) Inadequacy of other Remedies: The third factor is the unavailability or inadequacy of other, less drastic legal remedies. Macon Lumber Co. v. Biship, 229 F.2d 305 (6th Cir. 1956).

(d) Greater Harm: The fourth factor requires that the Plaintiff show that the denial of the appointment will create greater harm than injury to the opponent of the application. Adelman v. CGW Scientific Corp, 332 F.Supp 137 (D.C. PA 1971).

(e) Success on the Merits: Lastly, the Plaintiff must show probable success on the merits for his case in chief along with a showing of irreparable injury. Bookout v. First National Mtg & Disc. Co., Inc., 514 F.2d 757, 758 (5th Cir. 1975).

ANALYSIS

The Plaintiffs have not and cannot demonstrate that they have met any of the applicable receivership criteria, let alone all of them.

First, there is no fraudulent conduct shown as to Manger. There are no specific allegations (or evidence) of anything other than his affiliation with the other Defendants. The Plaintiff cannot point to a single instance of fraudulent conduct committed by Manger. All he can do is to cast a wide net and hope to

sully him with the possible stain of another Defendant's wrongful conduct.

Second, there is no imminent loss of property because Manger <u>has none.</u> Quite literally, he has nothing to "receive."

Third, the Plaintiffs have other remedies. They can move for a prejudgment attachment (which they have avoided doing since that involves a due process evidentiary hearing), or an injunction/restraining order as to the disposition of corporate assets. From Manger's review of the file, it appears the Plaintiffs have not even served several of the Defendants despite the fact that the suit was filed last year.

Fourth, the harm to Manger is far greater than to the Plaintiffs. Manger is a lone individual on the verge of bankruptcy; the Plaintiffs are a putative class with grossly superior resources litigating in a foreign venue against multiple parties.

Fifth, there is no showing of probable success on the merits. Indeed, there is a serious question as to whether the Plaintiffs even have jurisdiction over Manger. <u>See</u> Manger Motion to Dismiss.

## CONCLUSION

The receivership application is unnecessary, unwarranted and inappropriate under the case law and facts. It must be denied.

## MOTION FOR STAY

In addition to or in the alternative, Manger moves to stay the adjudication of the receivership motion pending a decision on his motion to dismiss. This procedure is routinely followed when there is a pendency dispositive motion. See e.g., Landry v. Airline Pilots Assn Int'l AFL-C10, 901 F.2d 404, 436 (5th Cir. 1990) cert. den. 498 U.S. 895 (1990); Johnson v. NYU Sch. Of Education, 205 FRD 433, 434 (SDNY 2002); Skellerup Indus. Ltd v. City of Los Angeles, 163 FRD 598, 601 (CDCA 1995); United States v. County of Nassau, 188 FRD 187, 188 (EDNY 1999).

In the interests of judicial economy, the motion should be stayed pending a decision on Manger's motion to dismiss.

_____
Philip M. Manger, Pro Se

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing OBJECTION TO PLAINTIFFS' MOTION FOR APPOINTMENT OF RECEIVERS AND MOTION TO STAY THE RESOLUTION OF PLAINTIFFS' MOTION PENDING A DECISION was sent on the 9th day of August, 2010, by U.S. mail, postage prepaid, to the following:

Christopher W. Livingston
2154 Dowd Dairy Rd.
White Oak, NC 28399
*Attorney for the Plaintiffs*

Philip A. Collins
Bailey & Dixon, LLP
P.O. Box 1351
Raleigh, NC 27602-1351
*Attorney for Defendant Lee E. Bettis, Jr. and others*

Melody J. Canady
Cranfill, Sumner & Hartzog, LLP
1209 Culbreth Dr.
Suite 200
Wilmington, NC 28405
*Attorney for Defendant W. Andrew Arnold*

By_____
Philip M. Manger, Pro Se