IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHARON SOUTHWOOD, for herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CCDN, LLC, a Nevada limited liability company; R.K. LOCK & ASSOCIATES, an Illinois general partnership d/b/a Credit Collections Defense Network or CCDN; ROBERT K. LOCK, JR., ESQ.; COLLEEN LOCK; and PHILIP M. MANGER, ESQ., | ) ) ) ) ) ) ) ) ) | No. 7:09-CV-81-BR |
| Defendants. | ) ) | |
| CHRIS TAYLOR; WILLIAM G. HARRISON, SR.; LINDA SHERYL LUCAS; CATHY HORTON HUNT; SHARON SOUTHWOOD; and DORMAN and BRENDA BEASLEY, for themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | No. 7:09-CV-183-BR |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| CCDN, LLC; LEGAL DEBT CURE, LLC, a Nevada limited liability company; BARRISTER LEGAL SERVICES, P.C.; DEBT JURISPRUDENCE, INC.; AEGIS CORPORATION; RICHARD JUDE WASIK; RODNEY EMIL BRISCO; M. DAVID KRAMER; MARCIA M. MURPHY; and PHILIP M. MANGER, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the court is the motion for attorney's fees of Sharon Southwood, Chris Taylor, William G. Harrison, Cathy Horton Hunt, and Dorman and Brenda Beasley (collectively, "plaintiffs") pursuant to the Racketeer and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c), the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679g(a)(3), and the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-16.1. (DE # 127.)[1]

## I. BACKGROUND

The relevant factual allegations and procedural history are set forth in prior court orders and a memorandum and recommendation. (See, e.g., DE # 120.) The court summarizes here only the background essential to the resolution of the pending motion. This consolidated action was brought in 2009 against, inter alia, CCDN, LLC ("CCDN"), R.K. Lock & Associates, Aegis Corporation, Robert K. Lock, Jr., Colleen Lock, and Philip M. Manger (collectively, "defendants"). Plaintiffs alleged defendants engaged in fraudulent debt invalidation schemes that purported to eliminate the debt of CCDN's customers and restore their credit ratings. As alleged by plaintiffs, defendants instructed plaintiffs to stop repaying credit card debt and claimed in so doing, debt collectors would undertake actions in violation of the Fair Debt Collection Practices Act ("FDCPA"). The scheme falsely promoted the idea that simply filing lawsuits based on FDCPA violations allowed customers to erase their debts and win court-awarded damages from debt collectors.

On 7 April 2016, Senior United States District Judge James C. Fox found plaintiffs sufficiently pled federal and state claims against defendants, including claims under RICO, the

---

[1] Docket entries refer to Case No. 7:09-CV-183-BR.

2

CROA and the UDTPA, and concluded plaintiffs were entitled to default judgment. (DE # 121.) Judge Fox reserved entering judgment, however, pending submission of a Notice of Election of Remedy by plaintiffs Southwood, Taylor, Harrison, and Hunt. (See DE # 122.) On 26 September 2016, judgment in favor of plaintiffs was entered against defendants for damages and litigation costs, including reasonable attorney's fees in an amount to be determined upon submission of proper documentation. (DE # 124.) On 26 October 2016, plaintiffs filed the instant motion.

## II. DISCUSSION

Plaintiffs request an attorney's fee award totaling $78,600 – $44,400 in Case. No. 7:09-CV-81-BR (the "Southwood Action") and $34,200 in Case No. 7:09-CV-183-BR (the "Taylor Action"). The verified motion reflects that counsel, Christopher Livingston ("Livingston"), expended 222 hours in the Southwood Action and 171 hours in the Taylor Action, for a total of 393 hours at a billing rate of $200.

Under the CROA, RICO and the UDTPA, a successful plaintiff is entitled to "reasonable" attorney's fees. See 15 U.S.C. § 1679g(a)(3); 18 U.S.C. § 1964(c); N.C. Gen. Stat. § 75-16.1. The determination of a reasonable attorney's fee award involves a three-step process. McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). First, the court calculates the lodestar amount (reasonable hourly rate multiplied by hours reasonably expended). Id. In making the lodestar determination, the court "appl[ies] the Johnson/Barber factors." Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), and Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978)). The Johnson/Barber factors are:

> (1) [t]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4)

> the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

McAfee, 738 F.3d at 88 n.5 (citation omitted). After calculating the lodestar figure, the court must then subtract fees for time spent on any unsuccessful claims unrelated to successful claims. Id. at 88. Finally, the court awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff. Id.

To determine the reasonableness of the hourly rate claimed, the court looks to "the prevailing market rates in the relevant community," McAfee, 738 F.3d at 91 (internal quotation marks and citation omitted), for similar work performed by attorneys of "reasonably comparable skill, experience, and reputation," Blum v. Stenson, 465 U.S. 866, 895 n.11 (1984). "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." Grissom, 549 F.3d at 321. The documentation filed in support of the motion includes Livingston's resume outlining his background and qualifications, including fourteen years of experience in consumer advocacy. (DE # 129, at 10.) It also includes an affidavit of attorney Henry Clifton Hester wherein he attests to his familiarity with Livingston's legal skills and to the reasonableness of Livingston's billing rate in the relevant market. (DE # 129-1.) The court finds Livingston's billing rate is reasonable.

The court carefully reviewed the billing entries in this case. Plaintiffs' numerous federal and state law claims revolved around a similar set of facts, allegations and evidence; thus, no entries exist for unrelated claims. Nevertheless, the court finds a reduction of total billable hours is warranted based on other grounds. First, some of the entries represent duplicative work. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (stating a court should exclude hours that are

4

"excessive, redundant, or otherwise unnecessary"). In particular, the numerous filings in the Southwood Action were substantively similar to those in the Taylor Action, including the complaints, the responses to motions to dismiss, and the motions for class certification. Also, some of the entries in the Southwood Action concern vague tasks, including 60 hours attributed to "voluminous exhibits and memos for receivership" and eight hours attributed in part to "additional research." (Mot., DE # 127, at 2.) Finally, in the Taylor Action, the fifty and forty hours attributed to the "complaint" and the "amended complaint," respectively, are excessive and unnecessary. Numerous paragraphs in the 127-page complaint and in the 158-page amended complaint constitute legal conclusions or arguments as opposed to factual allegations. Thus, the court finds a fifteen percent reduction of Livingston's billable hours is appropriate. See Fox v. Vice, 563 U.S. 826, 838 (2011) (stating "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time"). Accordingly, the court reduces Livingston's entries in the Southwood Action by 33 hours, from 222 hours to 189 hours, and in the Taylor Action by 26 hours, from 171 to 145 hours, for a total of 334 billable hours.

At the approved rate of $200 an hour, Livingston's reasonable and compensable entries total $66,800 ($37,800 in the Southwood Action; $29,000 in the Taylor Action). In reaching this figure, the court considered the time and labor expended, the difficulty of the questions raised, the skill required, the amount in controversy, the results obtained and the undesirability of the case within the legal community in which the suit arose. The other Johnson/Barber factors are not particularly relevant in this case.

## III.    CONCLUSION

For the foregoing reasons, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Plaintiffs' motion for attorney's fees (DE # 127) is GRANTED IN PART and DENIED IN PART;

2. Plaintiff Sharon Southwood have and recover of defendants CCDN, LLC, R.K. Lock & Associates, Robert K. Lock, Jr., Colleen Lock, and Philip M. Manger, jointly and severally, attorney's fees in the amount of $37,800;

3. Plaintiff Chris Taylor have and recover of defendant CCDN, LLC or defendant Philip M. Manger attorney's fees in the amount of $7,250;

4. Plaintiff William G. Harrison have and recover of defendants Aegis Corporation and CCDN, LLC, jointly and severally, or of defendant Philip M. Manger attorney's fees in the amount of $7,250;

5. Plaintiff Cathy Horton Hunt have and recover of defendant CCDN, LLC or defendant Philip M. Manger attorney's fees in the amount of $7,250;

6. Plaintiffs Dorman and Brenda Beasley have and recover of defendant CCDN, LLC or defendant Philip M. Manger attorney's fees in the amount of $7,250; and

7. The Clerk is DIRECTED to enter judgment in both actions consistent with this order.

This 11 September 2017.

_____
W. Earl Britt
Senior U.S. District Judge